**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2655
_____

UNITED STATES OF AMERICA

v.

RUSSELL ROBINSON,
Appellant

_____

On Appeal from the District Court of the Virgin Islands
(D.C. No. 3:21-cr-00027-001)
District Judge: Honorable Robert A. Molloy
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
December 8, 2025

Before: HARDIMAN, BIBAS, and PORTER, *Circuit Judges*.

(Filed: December 9, 2025)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

A jury convicted Russell Robinson of two federal drug crimes. Robinson appeals, claiming entitlement to a new trial because a juror was impliedly biased against him. Because we agree with the District Court's factual findings and the juror's conduct did not create the risk of implied bias, we will affirm.

I

Robinson was charged in a two-count superseding indictment. Count One alleged that Robinson conspired with Trevor Stephen to possess with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. § 846. Count Two alleged that Robinson possessed with intent to distribute five or more kilograms of cocaine and aided and abetted Stephen in possessing the cocaine with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). A jury convicted Robinson on both counts. Robinson then moved for a judgment of acquittal or a new trial and Judge Molloy's recusal. The District Court denied all of Robinson's post-trial motions and sentenced Robinson to 300 months' imprisonment followed by ten years' supervised release. Robinson timely appealed.

II[1]

Robinson's appeal focuses on a note that Juror 127 wrote to the District Court on the second day of trial. The Government concluded its case-in-chief that afternoon. Robinson, proceeding pro se, began to present his case. When testimony concluded that

---

[1] The District Court had jurisdiction under 48 U.S.C. § 1612(a) and 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

2

day, the Court informed the parties that it had received a note from Juror 127 stating: "Does the legal definition of 'distribute' . . . mean to deliver product to two or more entities? Or does [the] definition include a pass through to a single entity?" App. II 51. Robinson expressed confusion about the note and asked the District Court, "[D]idn't you instruct them there is no deliberations to happen until you give instructions?" Supp. App. 587. The Court told Robinson that he was correct and provided both parties an opportunity to review the note. The Court found that the jurors did not begin deliberations, stating that the note was "from one juror who's asking a question" and the Court "did not instruct [the jurors] that they could not ask . . . legal questions." Supp. App. 588.

When the District Court asked the Government for its position regarding the note, it responded that the jurors should be instructed to "continue to listen to all the evidence . . . to keep an open mind, and at the appropriate time, they'll be allowed to deliberate." Supp. App. 588–89. Robinson objected: "that's not a jury of my peers if they can't follow the instructions of the Court." Supp. App. 589. When asked what instruction Juror 127 violated, Robinson responded: "keep an open mind." Supp. App. 590. The Court countered: "I just see it as a juror asking a question based on something that came up in their mind. I don't find that this juror has failed to follow any of my instructions. . . . [T]here's no indication to me that they have commenced deliberations." *Id.*

The District Court confirmed that Juror 127 had submitted the handwritten note. It then instructed Juror 127: "[A]t the conclusion of all the evidence in this case, I will be

3

giving you instructions on the law that you are to apply in this case. Please keep an open mind until then." Supp. App. 725–26. Juror 127 said that he understood this instruction. The trial proceeded, and the jury convicted Robinson on both counts of the superseding indictment.

Robinson later argued in his post-trial motion that Judge Molloy was biased, as evidenced in part by his refusal to replace Juror 127. He also contended that the District Court committed "plain and structural error" by refusing to replace Juror 127. Supp. App. 1026–27.

Now represented by counsel, Robinson argues that his Sixth Amendment right to an impartial jury and Fifth Amendment right to a fair trial were violated by the District Court's refusal to remove Juror 127—who Robinson alleges was impliedly biased against him. Robinson contends that he is entitled to "*per se* reversal," even without a showing of prejudice. Robinson Br. 11.

III

The parties dispute the proper standard of review. Robinson argues that de novo review applies to the determination of whether a juror was impliedly biased. The Government counters that we should review for plain error because Robinson did not raise the issue of implied bias in the District Court. The result is the same under both standards: the District Court did not err.

We have distinguished between two types of juror bias: actual and implied. *United States v. Mitchell*, 690 F.3d 137, 142 (3d Cir. 2012). Actual bias is "the existence of a state of mind that leads to an inference that the person will not act with entire

4

impartiality." *Id.* (citation omitted). Implied bias is "'bias conclusively presumed as [a] matter of law,' or, put another way, 'bias attributable in law to the prospective juror regardless of actual partiality.'" *Id.* (quoting *United States v. Wood*, 299 U.S. 123, 133–34 (1936)). Implied bias "is rooted in the recognition that certain narrowly-drawn classes of jurors are highly unlikely, on average, to be able to render impartial jury service despite their assurances to the contrary." *Id*. (citations omitted). To determine whether a juror was impliedly biased, we ask whether the facts of the case "create in a juror an inherent risk of substantial emotional involvement" such that "an average person in the position of the juror in controversy would be prejudiced." *Id*. at 142 (citation omitted). Implied bias "is a limited doctrine, one reserved for exceptional circumstances." *Id*. at 147 (citations omitted).

It is unclear whether Robinson argues that Juror 127 engaged in premature deliberations with other jurors or inappropriately engaged with the evidence on his own before being instructed to do so by the District Court. Either way, Robinson's implied bias argument fails.

First, as the District Court found, there was no evidence that jurors began deliberating prematurely. And even assuming they did, premature deliberation is not a question of implied bias. Rather, we will reverse a conviction based on premature deliberations only if the defendant shows he was prejudiced by the deliberations. *See Szuchon v. Lehman*, 273 F.3d 299, 313–14 (3d Cir. 2001). Robinson has not shown prejudice.

Second, even if we assume that Juror 127 formed "some impression or opinion as to the merits of the case" before commencement of deliberations, this does not render him impliedly biased. *Irvin v. Dowd*, 366 U.S. 717, 722 (1961). There was no evidence that Juror 127 was incapable of laying "aside his impression or opinion," assuming he formed one, and rendering a "verdict based on the evidence presented in court." *Id.* at 723.

Juror 127 simply asked a legal question about an element of the statute in accordance with the District Court's instruction to put any questions in writing. The note did not create the kind of "extreme situation[]" where the relationship between the juror "and some aspect of the litigation is such that it is highly unlikely that the average person could remain impartial in his deliberations under the circumstances." *United States v. Calabrese*, 942 F.2d 218, 226 n.3 (3d Cir. 1991) (quoting *Person v. Miller*, 854 F.2d 656, 664 (4th Cir. 1988)).

*       *       *

For the reasons stated, we will affirm.